UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20715-CR-COOKE

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MIGUEL MESA,
a/k/a "Mike," "Mark Jacobs,"
     "Mark Martin,"

        Defendant.
_____/

**FORFEITURE MONEY JUDGMENT**

    THIS CAUSE is before the Court upon the amended motion of the United States of America (hereafter "United States" or "Government") for entry of a forfeiture money judgment against Miguel Mesa (hereafter "Mesa" or "defendant"), pursuant to Title 18, United States Code, Section 982(a)(8) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure. Being fully advised in the premises the Court finds as follows:

    1.    On September 22, 2016, a federal grand jury returned an indictment ("Indictment") charging Mesa, and others, with conspiracy to commit wire fraud and mail fraud, in violation of Title 18, United States Code, Section 1349 (Count 1), among other charges. *See* Indictment at ECF No. 3.

    2.    The Indictment included forfeiture allegations which provided for the forfeiture of any property, real or personal, used or intended to be used to commit, to facilitate, or to promote the commission of such offense; and, constituting, derived from, or traceable to the gross proceeds that the defendant obtained directly or indirectly as a result of the offense, pursuant to Title 18,

United States Code, Section 982(a)(8). Moreover, it provided for the entry of a forfeiture money judgment in the gross amount of the proceeds obtained as a result of the alleged conspiracy. *Id.*

3. On or about January 25, 2017, Mesa pled guilty to conspiracy to commit wire fraud and mail fraud, in violation of Title 18, United States Code, Section 1349 (Count 1), and agreed to the entry of a forfeiture money judgment in the amount of $22,456,186.00, which sum represents the gross proceeds obtained as a result of the conspiracy alleged in Count 1. *See* Plea Agreement, ECF No. 154.

4. On June 27, 2017, defendant, through counsel, filed his objection to the entry of the forfeiture money judgment previously agreed to in his Plea Agreement. Defendant's objection was based on the Supreme Court's recent decision in *Honeycutt v. United States*, ____ S. Ct. ___, 2017 WL 2407468 (2017)[1]. *See* Defendant's Objection to Forfeiture Money Judgment at ECF No. 424.

5. Upon further review, discussion with defendant's counsel, and in line with the *Honeycutt* opinion, the parties agree that the correct amount of the money judgment that should be entered against the defendant is $10,228,000.00, which sum represents the gross proceeds obtained as a result of the offense of conviction.

Therefore, upon motion of the United States, and for good cause shown, it is hereby **ORDERED** as follows:

---

[1] Subsequent to the signing of the Plea Agreement, but prior to sentencing this defendant, the Supreme Court issued its opinion in *Honeycutt* wherein the Court unanimously vacated a sentence that included a money judgment of criminal forfeiture holding a defendant jointly and severally liable with a co-conspirator for the proceeds of a drug conspiracy, in which all of the proceeds were obtained by the non-appealing co-conspirator. The Court held that, under the relevant forfeiture statute (21 U.S.C. § 853(a)(1)), a defendant cannot be held jointly and severally liable for proceeds that his co-conspirator obtained, but that he himself did not.

1. The United States' Amended Motion for Entry of a Forfeiture Money Judgment is **GRANTED**;

2. A money judgment in the amount of $10,228,000.00 is hereby entered against Miguel Mesa, pursuant to Title 18, United States Code, Section 982(a)(8) and Rule 32.2, Federal Rules of Criminal Procedure;

4. The United States may seek collection of the money judgment by attachment, garnishment, execution, or any other legal remedy on any property or asset belonging to the defendant, or in which the defendant has an interest, in order to satisfy the money judgment;

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence of the Court and included in the judgment in this cause; and

5. The United States District Court shall retain jurisdiction in this matter for the purpose of enforcing this judgment.

**DONE AND ORDERED** at Miami, Florida this 19TH day of October 2017.

MARCIA G. COOKE
UNITED STATES DISTRICT JUDGE

3